*Ocean Ins. Co. v. Rider.*

*June 24th.*

---

## The City of BOSTON *versus* The Inhabitants of WESTON.

Where in an action instituted under *St.* 1824, *c.* 28, § 3, *St.* 1834, *c.* 151, § 10, and Revised Stat. *c.* 143, § 16, to recover expenses incurred for the support of a prisoner in the house of correction in Boston, it appeared, that the demand of payment, which is a prerequisite to the institution of such action, was made by a person deriving his authority neither from the city nor from the master of the house of correction, but solely from the overseers of the house of correction, it was *held*, that such demand was insufficient.

ASSUMPSIT to recover the sum of $218·66, for expenses incurred in the support of Abijah Bemis in the house of correction of the city of Boston for several distinct periods of time, commencing on the 10th of August, 1829, and ending on the 16th of May, 1836, according to an account annexed to the writ.

At the trial it appeared, that a vote was passed by the overseers of the house of correction in Boston, on the 5th of September, 1836, whereby E. Hersey Derby, Esq. was authorized to make a demand of the amount alleged to be due from the defendants to the plaintiffs for the maintenance of Bemis, and if necessary, to commence and pursue to final judgment, an action for the recovery of the same, in the name of the city of Boston.

Mr. Derby testified, that on the 3d of March, 1837, he

Boston
v.
Weston.

demanded in writing, payment of the amount alleged to be due to the plaintiffs, of Benjamin James, who was chairman of the selectmen and overseers of the poor of Weston ; and that no question was then made as to his authority to make the demand.

On the 17th of September, 1838, it was ordered by the board of aldermen of Boston, " that the city of Boston ac knowledge and ratify the proceedings of the board of overseers of the house of correction, and of E. Hersey Derby, their attorney," in this case, which was then pending.

The defendants admitted, for the purposes of this trial, that Bemis had his settlement by birth in Weston, and that such was his legal settlement, unless he had acquired some other.

The defendants contended, that the action could not be maintained, for the following, among other reasons : That the plaintiffs had not shown any such demand of payment before commencing the action, as was required by law.

The judge being satisfied that there was nothing in the case for the jury, took it from them, and reserved it for the consideration of the whole Court. If the Court should be satisfied, that the plaintiff could maintain this action, judgment was to be rendered for the plaintiff, for such sum as could by law be recovered ; otherwise, the plaintiff was to be nonsuited.

June 15th.

Rand and Fiske, for the defendants.

E. Hersey Derby and Simonds, for the plaintiffs.

June 24th.

DEWEY J. delivered the opinion of the Court. It is unnecessary to consider particularly all the various grounds of defence which have been urged by the counsel for the defendants, the Court being clearly of opinion, that upon one point, at least, the defence is well sustained. The right of the plaintiffs to recover for expenses incurred, in supporting poor persons committed to the house of correction in the city of Boston during the period embraced in the account annexed to the plaintiffs' writ, is to be established under the provisions of the three statutes, of 1834, c. 151, § 10, Revised Stat. c. 143, § 16, and St. 1824, c. 28, § 3.

It becomes important, therefore, to consider the provisions of these statutes, and to ascertain whether the plaintiffs bring their case within them, by showing a substantial compliance

with all their requisitions. By the *St.* 1834, *c.* 151, § 10, the right of the master or keeper of the house of correction to institute a suit to recover for the expenses of those committed to the house of correction, is upon the condition, among other things previously required to be done, that he shall first demand the payment of the same of the party liable therefor, " and if such person, or town, shall refuse or neglect to pay such sum for the space of fourteen days after the same shall have been demanded in writing, the said keeper shall be entitled to an action of the case to recover such sum," &c. The Revised Statutes, *c.* 143, § 16, give the action " upon a refusal or neglect to make payment for the space of thirty days after the same shall have been demanded in writing." The statute of 1824, *c.* 28, § 3, is no otherwise material than that, if in force up to the time of the enacting of the Revised Statutes, it obviates all objection to the institution of the suit in the name of the city of Boston, inasmuch as it expressly provides that the city of Boston may have the same remedies to recover the charges of maintaining persons in the house of correction, that the masters of the houses of correction are entitled to. Whether that act was repealed by the *St.* 1834, *c.* 151, we have not found it necessary to decide in the present case. It will be perceived that it is made a prerequisite to maintaining an action against a town for the expenses incurred in supporting a poor person in the house of correction, that there should be a refusal or neglect to pay the same for fourteen days after the same shall have been demanded in writing, if the expenses accrued before the Revised Statutes, and a refusal or neglect for thirty days after a demand in writing, for expenses incurred since the enacting of the Revised Statutes. During both periods a demand in writing was required, the only difference being in the time allowed after a demand before payment could be enforced.

The Court, in the case of *Robbins* v. *Weston*, 20 Pick. 113, gave a construction to this provision of the statute, and one of as liberal character as could be justified by the language of the statute. It was held that the demand might be made by any person specially authorized by the master, but that, in such case, the person on whom the demand is made is entitled to be furnished at the time of the demand, with the evidence of the

Boston
*v.*
Weston

authority of the agent, so that he may have the information equally authentic, as if the demand was by the master in writing under his own hand. There could be only two original sources of authority for the proceedings on the part of Mr. Derby as an agent authorized to make this demand, assuming that the claim may be enforced either by the city of Boston or the master of the house of correction. His power must, therefore, have been conferred either by the legally constituted organs of the city, or by the master of the house of correction. But it was, as appears in the case, in fact wholly derived from the overseers of the house of correction, a body not charged with this duty, and wholly incompetent, therefore, to confer the power on another to act in the matter.

The authority under which Mr. Derby professed to act in making the demand, was therefore defective, and could not have constituted him a legal agent, competent to make the demand upon the defendants, which was a prerequisite to the institution of a suit. The plaintiffs have not brought their case within the provisions of the statutes, and must fail in maintaining their action.

*Plaintiffs nonsuit.*